**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHRISTOPHER HUDSON, </br></br>       Petitioner, </br></br>    vs. </br></br> KEITH BUTTS, </br></br>       Respondent. | ) </br> ) </br> ) </br> ) </br> )   1:12-cv-1466-TWP-DKL </br> ) </br> ) </br> ) </br> ) </br> ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The request to proceed *in forma pauperis* [Dkt. 2] is **granted**.

The petition of Christopher Hudson for a writ of habeas corpus challenging a prison disciplinary proceeding is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* This disposition is based on the following facts and circumstances:

1.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

2.  A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

3.  In order to proceed, Hudson must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996).

   a.  "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he

was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007).

b. A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

c. If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

4. Hudson was sanctioned for his misconduct in the challenged proceeding with a period of time in disciplinary segregation. This sanction is non-custodial. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

5. Because Hudson's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/18/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

**Christopher Hudson**
Reg. No. 120501
Pendleton Correctional Facility
4490 West Reformatory Rd
Pendleton, IN 46064